## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

KINGSBURY INTERNATIONAL, LTD. and
NATIONAL ASSOCIATION OF
PURCHASING MANAGEMENT CHICAGO,
INC.,

                             Plaintiffs,

v.

TRADE THE NEWS, INC.,

                             Defendant.

Civil Action No. 08 CV 03110 (GWL)

Judge George W. Lindberg

## DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT UNDER FED. R. CIV. P. 12(b)(6) FOR FAILURE TO STATE A CLAIM, OR IN THE ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT

Defendant, Trade The News, Inc. ("TTN"), by its attorneys, hereby moves this Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the action because the Complaint fails to state a claim upon which relief can be granted, and for such other relief as this Court deems just and proper. In the alternative, TTN moves this Court for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

In support of this Motion, TTN submits herewith Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss or in the Alternative for a More Definite Statement; the Declaration of Joseph Perrone, Jr. in Support of Motion to Dismiss Complaint; and the Declaration of Joseph V. Norvell in Support of Motion to Dismiss Complaint. A proposed Order is being submitted pursuant to Judge Lindberg's Case Management Procedures.

WHEREFORE, Defendant, Trade The News, Inc., respectfully requests that this Court grant its Motion and dismiss Plaintiffs' Complaint, and grant further relief as it deems proper.

Date:   August 26, 2008

Respectfully submitted,

/s/Joseph T. Kucala, Jr.
Joseph V. Norvell (6225747)
Joseph T. Kucala, Jr. (6275312)
**NORVELL IP llc**
1776 Ash Street
Northfield, Illinois 60093
jkucala@norvellip.com
Phone: (847) 809-2212
Fax: (312) 268-5063

Marc A. Lieberstein (MAL 7116)
(pro hac vice admission pending)
Barry M. Benjamin (BMB 7350)
(pro hac vice admission pending)
Rebecca L. Griffith (RLG 7884)
(pro hac vice admission pending)
**DAY PITNEY LLP**
7 Times Square
New York, New York 10036
Phone: (212) 297-5800
Fax: (212) 916-2940

*Attorneys for Defendant,*
*Trade The News, Inc*
.

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 26, 2008, a copy of the foregoing

DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT UNDER FED. R. CIV.

P. 12(b)(6) FOR FAILURE TO STATE A CLAIM, OR IN THE ALTERNATIVE MOTION

FOR A MORE DEFINITE STATEMENT was electronically filed with the Clerk of Court for

the Northern District of Illinois by means of the Court's CM/ECF system, which will send

notification of such filing to the following counsel at their email address on file with the Court:

Donald F. Spak
180 N. LaSalle St., #2510
Chicago, IL 60601
don@spaklaw.com


Dated: August 26, 2008


  /s/Joseph T. Kucala, Jr._____
Joseph T. Kucala, Jr.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KINGSBURY INTERNATIONAL, LTD. and NATIONAL ASSOCIATION OF PURCHASING MANAGEMENT CHICAGO, INC., | Civil Action No. 08 CV 03110 (GWL) |
| Plaintiffs, | Judge George W. Lindberg |
| v. | |
| TRADE THE NEWS, INC., | |
| Defendant. | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT, OR IN THE ALTERNATIVE
MOTION FOR A MORE DEFINITE STATEMENT**

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................... 1

STATEMENT OF FACTS ...................................................... 1

ARGUMENT ................................................................. 3

  POINT I .................................................................. 3

    THE COMPLAINT FAILS TO MEET THE BARE  MINIMUM PLEADING
    REQUIREMENTS TO MAKE  OUT A COPYRIGHT CLAIM.......................... 3

  POINT II ................................................................. 8

    IN THE ALTERNATIVE, THE COMPLAINT  SHOULD BE AMENDED BEFORE
    DEFENDANT  IS REQUIRED TO FILE A RESPONSIVE PLEADING ............ 8

CONCLUSION .............................................................. 9

i

# TABLE OF AUTHORITIES

## CASES

*Airborne Beepers & Video, Inc. v. AT&T Mobility*,
  499 F.3d 663 (7th Cir. 2007) ....................................................................3, 4, 7

*Bell Atl. Corp. v. Twombly*,
  127 S. Ct. 1955 (2007) .............................................................................3, 4

*Erickson v. Pardus*,
  127 S. Ct. 2197 (2007) ...............................................................................4

*Feist Pubs., Inc. v. Rural Tel. Serv. Co., Inc.*,
  499 U.S. 340, 111 S. Ct. 1282 (1991) ............................................................5

*Hackman v. Dickerson Realtors, Inc.*,
  520 F. Supp. 2d 954 (N.D. Ill. 2007) .............................................................8

*Higgs v. Carver*,
  286 F.3d 437 (7th Cir. 2002) .......................................................................7

*Kuhl v. Guitar Center Stores, Inc.*, No. 07 C 214,
  2008 WL 656049 (N.D. Ill. March 5, 2008) ....................................................8

*Kyle v. Morton High Sch.*,
  144 F.3d 448 (7th Cir. 1998) ..................................................................4, 7, 8

*Law Bulletin Publ. Co.v. Rodgers*, No. 87 C 873,
  1987 WL 873 (N.D. Ill. April 1, 1987) ......................................................4, 6, 7

*Muraoka v. American Osteopathic Association*,
  117 F.R.D. 616 (N.D. Ill. 1987) ....................................................................3

*Papa John's Intl., Inc. v. Rezko*,
  446 F. Supp. 2d 801 (N.D. Ill. 2006) ..............................................................4

*Sweet v. City of Chicago*,
  953 F. Supp. 225 (N.D. Ill. 1996) ...........................................................3, 4, 5, 7

*Warner Bros. Records, Inc. v. Wagner*,
  No. 08 CV 026, 2008 WL 2062708 (N.D. Ind. May 13, 2008)...........................6

83082406.4

## STATUTES

*Fed. R. Civ. P. 8(a)(2)*............................................................................................1, 4, 7

*Fed. R. Civ. P. 12(b)(6)*.........................................................................................1, 3, 7

*Fed. R. Civ. P. 8(a)* ...............................................................................................4, 6, 7

*Fed. R. Civ. P. 12(e)* ................................................................................................8

83082406.4

Defendant Trade The News, Inc. ("TTN" or "Defendant"), by its attorneys, respectfully submits this memorandum of law in support of its Motion to Dismiss or in the Alternative for a More Definite Statement, and for such other and further relief as this Court may deem just and proper.

## PRELIMINARY STATEMENT

The Complaint in this alleged copyright infringement action should be dismissed because it fails to provide the required adequate notice of a claim under *Fed. R. Civ. P. 8(a)(2)*, and hence, fails to state a claim upon which relief can be granted under *Fed. R. Civ. P. 12(b)(6)*. Plaintiffs' Complaint merely sets forth that it owns a copyright and that TTN allegedly copied unidentified "parts" of Plaintiffs' copyrighted work. Such a pleading is inadequate as a matter of law, and mandates dismissal of the Complaint.

In the alternative, TTN requests that the Court order Plaintiffs to provide a more definite statement detailing the specific "parts" of Plaintiffs' alleged copyrighted work that have allegedly been copied by TTN, such that TTN may frame a responsive pleading.

## STATEMENT OF FACTS

The Complaint alleges that Plaintiffs create and publish "a monthly business index known as the Chicago Business Barometer." Complaint filed May 29, 2008 ("Compl."), ¶ 6 (a copy of the Complaint is annexed as Exhibit A to the Declaration of Joseph V. Norvell, counsel for TTN, dated August 26, 2008 ("Norvell Decl."), submitted herewith). The Complaint fails to elaborate or describe what the Chicago Business Barometer is, or what information is contained therein. According to the Complaint, Plaintiffs publish the Chicago Business Barometer in

1

something called The Chicago Business Report. Compl. ¶ 6. The Complaint describes The Chicago Business Report as "an original work of authorship." Compl. ¶ 7.

The Complaint goes on to describe that by an agreement between the two Plaintiffs, The Chicago Business Report is published monthly, on the last business day of each month, to subscribers at 8:42 a.m. Central Time, three (3) minutes before it is widely released to the public, at 8:45 a.m. CT. Compl. ¶¶ 6, 8. Plaintiffs allege that that any public distribution of the contents of The Chicago Business Report prior to the public release at 8:45 a.m. CT constitutes a violation of Plaintiffs' copyright. Compl. ¶ 11.

As to TTN, the Complaint complains of an alleged copyright infringement by TTN with respect to Plaintiffs' May 31, 2007 monthly release of The Chicago Business Report, the allegedly copyrighted work. Compl. ¶ 16. The entirety of Plaintiffs' allegations of wrongdoing in the Complaint are that TTN "publicly distributed parts of the Plaintiffs' copyrighted work to" TTN's subscribers before 8:45 a.m. CT, on May 31, 2007. Compl. ¶ 16.

TTN is a media and news organization in the business of providing real-time interactive financial market-based news and information to paying subscribers, who are generally Wall Street-style traders, investors and hedge-fund types who desire immediate access to breaking news. Declaration of Joseph Perrone, President of TTN, dated August 26, 2008 ("Perrone Decl."), ¶ 2.

The allegations of wrongdoing in the Complaint are vague and non-specific. The entirety of the wrongdoing alleged is that certain unidentified "parts" of the work at issue were published by TTN prior to the Plaintiffs' public release. Based on this allegation alone TTN cannot adequately assess the alleged wrongdoing, frame a thoughtful or substantive response to the Complaint, or meaningfully defend itself. Perrone Decl. ¶ 4. Moreover, and in support of this

2

motion, TTN conducted a search of its records from May 31, 2007, and cannot find a single instance where it published any data from Plaintiffs' work prior to 8:45 a.m. CT.  Perrone Decl. ¶ 5. [1]

## ARGUMENT

### POINT I

### THE COMPLAINT FAILS TO MEET THE BARE MINIMUM PLEADING REQUIREMENTS TO MAKE OUT A COPYRIGHT CLAIM

The instant Complaint should be dismissed under *Rule 12(b)(6)* because the details of the alleged copyright infringement are so "sketchy" that the Complaint fails to satisfy the fair notice requirement under *Rule 8*.  *Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F. 3d 663 (7th Cir. 2007); *Sweet v. City of Chicago*, 953 F. Supp. 225, 227 (N.D. Ill. 1996).  Plaintiffs' lone allegation of infringement of "parts" of their alleged copyrighted work results in a Complaint that fails to include enough factual allegations to raise a right to relief above the speculative level.  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007); *Sweet,* 953 F. Supp. at 230 (granting motion to dismiss for failure to specify which copyrighted graphics were copied).

A complaint must be dismissed pursuant to *Rule 12(b)(6)* if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974.  To survive a motion to dismiss, a complaint must be sufficient to "raise a right to relief above the speculative level," and must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-1965.  The Seventh Circuit has held that

---

[1]  Indeed, based on communications with Plaintiffs' counsel prior to filing the instant Motion, Defendant's New York Counsel believe that Plaintiffs and their counsel filed the Complaint and initiated the lawsuit without any documented evidence of the alleged copyright infringement.  This belief is confirmed by the Complaint's conspicuous omission of any facts describing which "parts" of Plaintiffs' copyright were allegedly copied, as discussed above.  *See Muraoka v. American Osteopathic Association*, 117 F.R.D. 616, 618-19 (N.D. Ill. 1987) (noting that a reasonable prefiling investigation is required to support the filing of a complaint) (citation omitted).

3

"at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under *Rule 8*." *Airborne,* 499 F. 3d at 663 (reconciling *Twombly*, 127 S. Ct. 1955 (2007) and *Erickson v. Pardus*, 127 S. Ct. 2197 (2007)).

Here, Plaintiffs' Complaint is entirely inadequate and does not meet the mandate of Rule 8(a)(2).  Under Rule 8(a)(2), the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The complaint must give "fair notice" of the nature of the action.  *Kyle v. Morton High Sch*., 144 F. 3d 448, 457 (7th Cir. 1998).  "There must be sufficient facts pleaded to allow the court and the defendants to understand the gravamen of the plaintiff's complaint."  *Id.*  at 455-56 (noting that "our case law is replete with examples of complaints which omit the factual basis of a claim, and therefore, fail to give fair notice of the grounds the claim rests upon").

In copyright cases such as the one here, "fair notice" of a claim requires that a plaintiff allege ownership, registration and infringement.  *Sweet*, 953 F. Supp. at 227.  A motion to dismiss based on failure to state a claim will be granted where the complaint is not specific enough to adequately allege copyright infringement.  *Id.* at 230.  Indeed, where, as here, copyright infringement of a compilation has been alleged, this District Court has held that the complaint needs to set forth in detail the "specific infringing acts" in order to meet the pleading requirements of Rule 8(a).  *Law Bulletin Publ. Co. v. Rodgers*, No. 87 C 873, 1987 WL 8965, at *2 (N.D. Ill. April 1, 1987); see also *Papa John's Intl., Inc. v. Rezko*, 446 F. Supp. 2d 801, 810 (N.D. Ill. 2006) (granting motion to dismiss where plaintiffs' allegation that defendants were "making unauthorized use" of copyrighted materials may have been suggesting that defendants

4

were continuing to use ideas found in plaintiffs' copyrighted materials, and such use is not violation of Copyright Act); *Sweet*, 953 F. Supp. at 230.

According to Plaintiffs' Complaint, the Copyright Registration for Plaintiffs' copyrighted work covers "text and compilation".  Compl. ¶ 15.  Plaintiffs' allegedly copyrighted work, the May 31, 2007 NAPM-Chicago Business Survey, The Chicago Business Barometer, is attached to the Complaint.  It is clear that Plaintiffs' copyrighted work, as a compilation, contains both protectable material and unprotectable facts and figures.  But the Complaint only pleads infringement based on the conclusory and "sketchy" allegation that TTN "publicly distributed <u>parts</u> of the plaintiffs' copyrighted work" (emphasis added).  This is not fair notice or adequate pleading of a copyright claim because TTN cannot determine from the allegation of the Complaint what "parts" of the copyrighted work were allegedly copied.  *Sweet,* 953 F. Supp. at 229-30.

Moreover, the "sketchy" nature of the Complaint is highlighted by the inability to discern from the Complaint whether Plaintiffs complain about (1) TTN's copying and publication of the selection, coordination, and arrangement of facts and data published by Plaintiffs in their compilation, or (2) the fact that TTN published the Plaintiffs' allegedly protected news and factual information early, during the three minute embargo period prior to 8:45 a.m. CT.  This is a crucial distinction that the Complaint fails to make, especially when the publication of news and facts does not constitute copyright infringement.  *Feist Pubs., Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 347-48 (1991).  If Plaintiffs' Complaint is of the first type, it is impossible to prepare a defense to the Complaint or compare the unidentified "parts" to Plaintiffs' allegedly copyrighted work.

Further, TTN has searched its records and cannot find a single instance where TTN made an early public distribution of any of Plaintiffs' alleged copyrighted material before the alleged 8:45 a.m. Central Time public release. *See* Perrone Decl., ¶ 5. Because the allegations of the Complaint do not specify which "parts" of Plaintiffs' copyrighted work were allegedly copied and because TTN is unable to find through its own research which "parts" were copied and published early, it is unable to properly assess the scope of Plaintiffs' claims or fashion TTN's defenses in order to formulate a response to the Complaint. *Id.* ¶ 4.

Plaintiffs' omission in the Complaint mandates dismissal. In *Law Bulletin Publ. Co. v. Rodgers*, the plaintiff alleged infringement of its publication Sullivan's Law Directory. *Law Bulletin,* 1987 WL 8965, at *1. Like Plaintiffs' alleged copyrighted work, Sullivan's Law Directory was a compilation of information. Sullivan's contained information regarding Illinois lawyers, as well as information regarding state and federal agencies, court personnel, state and federal judges and federal rules of court. *Id.* The defendant's publication, the Illinois Bar, was also a compilation of information regarding Illinois lawyers, governmental agencies, court personnel and court rules. *Id.* The *Law Bulletin* court found that plaintiff's allegations of copying were sufficient to withstand a motion to dismiss where it alleged that Rodgers "copied information from Sullivan's, copied editorial portions of Sullivan's pertaining to court rules, and copied the organization, layout and arrangement of Sullivan's." *Id.* at *2.

Unlike the Plaintiffs' Complaint, which merely alleges that unspecified "parts" of Plaintiffs' work were copied by TTN, the complaint in *Law Bulletin* specifically alleged infringement of the parts of the copyrighted compilation which were copied, thereby providing the type of fair notice to which a defendant is entitled under *Rule 8(a). See also Warner Bros. Records, Inc. v. Wagner*, No. 08 CV 026, 2008 WL 2062708, at *3 & 4 (N.D. Ind. May 13,

6

2008) (holding that complaint contained sufficient factual allegations to raise right to relief above speculative level where plaintiff listed in an exhibit specific songs that defendant allegedly downloaded and/or distributed to public).

Plaintiffs' Complaint fails to allege that TTN copied, in whole or in part, Plaintiffs' copyrightable selection, coordination or arrangement of the facts and figures in its compilation. As a result, the Complaint is so "sketchy" that it does not give the required fair notice of the nature of the action under *Rule 8(a)(2))* and should be dismissed under the new standard articulated by the Seventh Circuit in *Airborne. Airborne,* 499 F. 3d at 663; *Sweet,* 953 F. Supp. at 229-30.

In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle,* 144 F. 3d at 455; *Higgs v. Carver*, 286 F. 3d 437, 439 (7th Cir. 2002) ("All that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer"). Plaintiffs have not alleged sufficient operative facts to allow TTN or the Court to determine whether the copied "parts" consists merely of uncopyrightable facts and phrases, or whether the copied "parts" encompass the coordination, arrangement and selection of Plaintiffs' material. Consequently, without sufficient allegations about which "parts" of Plaintiffs' copyrighted material were copied, the Complaint fails to make out any cause of action. *Sweet,* 953 F. Supp. at 230; *Law Bulletin Publ. Co.,* 1987 WL 8965, at *2.

Accordingly, the Complaint fails under *Fed. R. Civ. P. 8(a),* and hence fails to state a claim upon which relief should be granted and should be dismissed in accordance with *Fed. R. Civ. P 12(b)(6).*

**POINT II**

**IN THE ALTERNATIVE, THE COMPLAINT
SHOULD BE AMENDED BEFORE DEFENDANT
IS REQUIRED TO FILE A RESPONSIVE PLEADING**

Where, as here, the plaintiff has omitted the gravamen of its complaint, i.e., which "parts" of plaintiffs' copyrighted work TTN copied, TTN can, and in the alternative does, request that this deficiency be corrected through a motion for a more definite statement. *Kyle,* 144 F. 3d at 457. Under *Rule 12(e)* of the Federal Rules of Civil Procedure, "[i]f a pleading to which a responsive pleading is permitted is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." The Northern District of Illinois has held that "an allegation is considered specific enough to form a responsive pleading if the statement permits the defendant to understand the specific nature of the claim and form a responsive pleading." *Kuhl v. Guitar Center Stores, Inc.,* No. 07 C 214, 2008 WL 656049, at *5 (N.D. Ill. March 5, 2008); *Hackman v. Dickerson Realtors, Inc*., 520 F. Supp. 2d 954 (N.D. Ill. 2007) (citation omitted).

Here, Plaintiffs have failed to specify which "parts" of their copyrighted work were allegedly infringed. Therefore, in the event this Court does not dismiss the Complaint, TTN respectfully requests that Plaintiffs be ordered to provide a more definite statement detailing the specific "parts" of Plaintiffs' copyrighted material that have allegedly been copied by TTN, and how TTN's actions constitute copyright infringement.[2]

---

[2] If the Court grants Plaintiffs the opportunity to amend the complaint, Defendant expressly reserves its right to move to dismiss the Amended Complaint based on any additional claims or defenses that may arise, particularly because Defendant was unable to properly assess the scope of its claims or defenses due to deficiencies of the instant Complaint.

83082406.4

## <u>CONCLUSION</u>

Plaintiffs' Complaint should be dismissed in its entirety for failure to state an actionable claim for copyright infringement.

Date:   August 26, 2008                                    Respectfully submitted,


                                                           /s/Joseph T. Kucala, Jr.
                                                           Joseph V. Norvell (6225747)
                                                           Joseph T. Kucala, Jr. (6275312)
                                                           **NORVELL IP llc**
                                                           1776 Ash Street
                                                           Northfield, Illinois 60093
                                                           jkucala@norvellip.com
                                                           Phone: (847) 809-2212
                                                           Fax: (312) 268-5063


                                                           Marc A. Lieberstein (MAL 7116)
                                                           (pro hac vice admission pending)
                                                           Barry M. Benjamin (BMB 7350)
                                                           (pro hac vice admission pending)
                                                           Rebecca L. Griffith (RLG 7884)
                                                           (pro hac vice admission pending)
                                                           **DAY PITNEY LLP**
                                                           7 Times Square
                                                           New York, New York 10036
                                                           Phone: (212) 297-5800
                                                           Fax: (212) 916-2940

                                                           *Attorneys for Defendant,*
                                                           *Trade The News, Inc.*

83082406.4

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KINGSBURY INTERNATIONAL, LTD. and NATIONAL ASSOCIATION OF PURCHASING MANAGEMENT CHICAGO, INC., | Civil Action No. 08 CV 03110 (GWL) |
| Plaintiffs, | Judge George W. Lindberg |
| v. | |
| TRADE THE NEWS, INC., | |
| Defendant. | |

**DECLARATION OF JOSEPH V. NORVELL IN SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

I, JOSEPH V. NORVELL, hereby declare as follows:

1.    I am a member of the firm NORVELL IP LLC, attorneys for Defendant Trade The News, Inc. ("Defendant" or "TTN"). I submit this Declaration in support of Defendant's Motion to Dismiss the Complaint of Plaintiffs Kingsbury International, Ltd. and National Association of Purchasing Management of Chicago, Inc. dated May 29, 2008, and for such other and further relief as this Court deems just and proper. I have personal knowledge of the facts set forth herein, unless otherwise indicated.

2.    Attached hereto as Exhibit A is a true and correct copy of the Complaint.

I declare under penalties of perjury that the foregoing is true and correct. Executed this 26th day of August, 2008 in Northfield, Illinois.

Joseph V. Norvell
**NORVELL IP llc**
1776 Ash Street
Northfield, Illinois 60093
Phone: (847) 809-2212
Fax: (312) 268-5063

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **KINGSBURY INTERNATIONAL, LTD.** and **NATIONAL ASSOCIATION OF PURCHASING MANAGEMENT CHICAGO, INC.,**<br>     Plaintiffs,<br>vs.<br><br>**TRADE THE NEWS, INC.,**<br>     Defendant. | FILED: MAY 29, 2008<br>08CV3110         TC<br>JUDGE LINDBERG<br>MAGISTRATE JUDGE MASON |

<u>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**</u>

Plaintiffs Kingsbury International, Ltd. and National Association of
Purchasing Management Chicago, Inc., by their attorneys, complain of defendant
Trade The News, Inc., stating as follows:

1.    **Nature Of The Case.**  This is an action for intentional copyright
infringement against defendant Trade The News, Inc. for publishing copyrighted
material without the copyright owners' permission, in violation of the copyright
owners' exclusive rights.

2.    This Court has jurisdiction over this copyright infringement action
pursuant to 28 U.S.C. §1338(a).

3.    **The Parties.**  Plaintiff Kingsbury International, Ltd. ("Kingsbury") is an
Illinois corporation which owns and operates an economic consulting business in
Highland Park, Illinois.

4.    Plaintiff National Association of Purchasing Management Chicago,
Inc. ("NAPM-C") is an Illinois not-for-profit corporation.

5.    Defendant Trade The News, Inc. ("TTN") is a New York corporation
that owns and operates a financial reporting broadcast service.

6.     **The Chicago Report**. Kingsbury, in cooperation with NAPM-C, creates a monthly business index known as the Chicago Business Barometer™, which is published monthly in The Chicago Report and released to the public at 8:45 a.m. Central Time on the last business day of each month.  Upon its monthly public release, the copyrighted work is broadly disseminated.

7.     The Chicago Report, including the Chicago Business Barometer™, is an original work of authorship for purposes of the Copyright Act.

8.     By agreement between NAPM-C and Kingsbury, Kingsbury distributes The Chicago Report, including the Chicago Business Barometer™, each month to Kingsbury's private subscribers at approximately 8:42 a.m. Central Time, three minutes before public release of The Chicago Report.  Each private subscriber pays a subscription fee to Kingsbury for the copyrighted work, which is of value to the subscribers who pay the subscription fee.

9.     The private subscription distribution is both written and performed in a subscription conference call at approximately 8:42 a.m. Central Time.

10.     Each issue of The Chicago Report bears a notice that the issue may be released to the public only after 8:45 a.m. Central Time.

11.     Each subscription conference call broadcast of The Chicago Report includes a notice that the release is copyrighted, and that any rebroadcast, reproduction or publication of the broadcast or its contents prior to public release of

2

the report at 8:45 a.m. Central Time is strictly forbidden and will be treated as an intentional copyright infringement.

12.   At approximately 8:42 a.m. Central Time on May 31, 2007, Kingsbury released the May 31, 2007 issue of the copyrighted work to its private subscribers.

13.   At 8:45 a.m. Central Time on May 31, 2007, Kingsbury released the May 31, 2007 issue to the public.

14.   **Copyright Ownership and Registration.**  Kingsbury and NAPM-C own the copyright in each issue of The Chicago Report, including the Chicago Business Barometer™.

15.   Kingsbury and NAPM-C's copyright in the May 31, 2007 release of The Chicago Report including the Chicago Business Barometer™, was registered by the United States Copyright Office, with Registration Number TX 6-815-061, with an effective date of registration of August 13, 2007.  A copy of the Certificate of Registration is attached together with a copy of the copyrighted work.

16.   **Infringement.**  Within seconds after the private subscription release of the copyrighted work at 8:42 a.m. Central Time on May 31, 2007, and before the 8:45 a.m. Central Time public release, defendant TTN publicly distributed parts of the plaintiffs' copyrighted work to TTN's subscribers throughout the world, without the plaintiffs' permission.

17.   On May 31, 2007, defendant TTN intentionally infringed upon the copyright owners' exclusive right to distribute and publish their copyrighted work.

3

18.    Plaintiffs sustained damages as the result of defendant TTN's unauthorized premature publication of The Chicago Report.  Private subscribers who paid Kingsbury complained that they received the same pre-release copyrighted material through TTN before the public distribution of the copyrighted work, without payment of Kingsbury's subscription fees.

**WHEREFORE**, plaintiffs pray that the Court enter judgment against defendant Trade The News, Inc. for such damages as the plaintiffs have sustained in consequence of defendant's infringement, plus exemplary damages and the plaintiffs' legal fees and costs, with an order directing defendant to account to the plaintiffs for all the defendant's gains, profits and advantages derived by defendant from its infringement, or such damages as to the Court shall appear proper within the provisions of the copyright statutes, together with appropriate injunctive relief to prevent against future infringements by the defendant upon the plaintiffs' copyrights in future releases of The Chicago Report.

**KINGSBURY INTERNATIONAL, LTD. and**
**NATIONAL ASSOCIATION OF PURCHASING**
**MANAGEMENT CHICAGO, INC.**


By:_____
        One of Their Attorneys

Donald F. Spak
180 North LaSalle St., #2510
Chicago, IL 60601
(312) 214-1818
Attorneys for Kingsbury International, Ltd. and
National Association of Purchasing Management Chicago, Inc.

4

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

## TX 6-815-061

**Effective date of registration:**

August 13, 2007

## Title

**Title of Work:** the Chicago Report

**Date on Copies** May 2007

**Frequency of publication**      Monthly

**Previous or Alternative Title:** NAPM-Chicago Business Survey, The Chicago Business Barometer(tm)

## Completion/ Publication

**Year of Completion:** 2007

**Date of 1st Publication:** May 31, 2007      **Nation of 1st Publication:** United States

## Author

- **Author:** Kingsbury International Ltd.

  **Author Created:** text and compilation

  **Work made for hire:** Yes

  **Citizen of:** United States

- **Author:** National Association of Purchasing Management-Chicago, Inc.

  **Author Created:** text and compilation

  **Work made for hire:** Yes

  **Citizen of:** United States

## Copyright claimant

**Copyright Claimant:** Kingsbury International Ltd

245 Ridge Road, Highland Park, IL, 60035

**Copyright Claimant:** NAPM-Chicago

11801 W. Silver Spring Drive, Suite 200, Milwaukee, WI, 53225

Page 1 of 2

## Limitation of copyright claim

**Material excluded from this claim:** January 31, 2006  updated for current month

**Previously registered:** Yes

**Previous registration and year:** TX6-342-500     2006

**Basis of current registration:** This is a changed version of the work.

**New material included in claim:** Results of Business Survey for May 2007

## Certification

**Name:** Jack L. Bishop Jr., PhD

**Date:** August 3, 2007


**Kingsbury**
INTERNATIONAL • LTD

*Contact: Jack L Bishop Jr PhD*
KINGSBURY INTERNATIONAL, LTD.
245 Ridge Road
Highland Park, IL   60035
Phone 847 831-4770
Fax 847 831-2846
email:  napmc@kingbiz.com
http://www.kingbiz.com

# Press Release

## *Embargoed until*   31 May 2007 8:45amCT

The NAPM-Chicago Business Survey and *the CHICAGO Report* are copyrighted by Kingsbury International, Ltd. and the National Association of Purchasing Management — Chicago, Inc.

Any publication of the contents of *the CHICAGO Report* prior to public release of *the CHICAGO Report* at 8:45 o'clock am Central Time 31 May 2007 is strictly forbidden and will be treated as an intentional copyright infringement.

**NOTICE:**
No warranty, expressed or implied, is attached to these figures or their use.  While the figures are compiled with professional care, no representations about appropriateness, accuracy, or suitability for specific applications are made.

# the CHICAGO Report

EMBARGOED
FOR RELEASE:
31 May 2007
8:45am CT

National Association of Purchasing Management—Chicago

**2007
May**

## CHICAGO BUSINESS BAROMETER™ Rebounded

The Chicago Purchasing Managers reported the Chicago Business Barometer rebounded strongly, reinforcing the surprising leap in March.

- **NEW ORDERS, ORDER BACKLOGS, AND PRODUCTION** indicated a broadened foundation of economic growth;
- **PRICES PAID** increased;
- **EMPLOYMENT**:  substantial gain;
- **BUYING POLICY**:  All lead-times shortened.

© 2007 National Association of Purchasing Management—Chicago, Inc. and Kingsbury International, Ltd.
The Chicago Business Barometer is a trademark of the National Association of Purchasing Management- Chicago, Inc.



Notes:   Recessions are indicated by gray bars
         Readings in red (below) indicate values worse than the prior month

Next Release:

**29 June 2007
8:45amCT**

| Business Barometer | | 2006 | 2007 | | | | |
|---|---|---|---|---|---|---|---|
| | *3 month average* | Dec | Jan | Feb | Mar | Apr | May |
| Index | | 47.5 | 47.6 | 49.5 | 61.9 | 57.5 | 64.7 |
| | *Seasonally Adjusted* | 51.6 | 48.8 | 47.9 | 61.7 | 52.9 | 61.7 |

| Production | | 2006 | 2007 | | | | |
|---|---|---|---|---|---|---|---|
| | *3 month average* | Dec | Jan | Feb | Mar | Apr | May |
| Higher | | 30 | 39 | 31 | 40 | 43 | 50 |
| Same | | 40 | 30 | 40 | 48 | 41 | 40 |
| Lower | | 30 | 31 | 29 | 12 | 16 | 10 |
| Index | | 50.0 | 54.0 | 51.0 | 64.0 | 63.5 | 70.0 |
| | *Seasonally Adjusted* | 49.7 | 53.2 | 51.2 | 64.9 | 62.2 | 69.8 |
| | Highest level since April 2005 | | | | | | |

| New Orders | | 2006 | 2007 | | | | |
|---|---|---|---|---|---|---|---|
| | *3 month average* | Dec | Jan | Feb | Mar | Apr | May |
| More | | 35 | 27 | 32 | 57 | 45 | 56 |
| Same | | 32 | 37 | 39 | 33 | 36 | 37 |
| Fewer | | 33 | 36 | 29 | 10 | 19 | 7 |
| Index | | 51.0 | 45.5 | 51.5 | 73.5 | 63.0 | 74.5 |
| | *Seasonally Adjusted* | 56.3 | 46.3 | 48.7 | 72.2 | 56.5 | 71.1 |
| | Rebounded shy of March level | | | | | | |

| Order Backlogs | | 2006 | 2007 | | | | |
|---|---|---|---|---|---|---|---|
| | *3 month average* | Dec | Jan | Feb | Mar | Apr | May |
| Larger | | 22 | 26 | 21 | 34 | 29 | 27 |
| Same | | 33 | 36 | 48 | 46 | 44 | 52 |
| Smaller | | 45 | 38 | 31 | 20 | 27 | 21 |
| Index | | 38.5 | 44.0 | 45.0 | 57.0 | 51.0 | 53.0 |
| | *Seasonally Adjusted* | 44.5 | 46.4 | 44.3 | 54.0 | 48.4 | 53.0 |
| | Recovered most of April loss | | | | | | |

**NOTICE:**
No warranty, expressed or implied, is attached to these figures or their use.  While the figures are compiled with professional care, no representations about appropriateness, accuracy, or suitability for specific applications are made.

| Inventories | | 2006 | 2007 | | | | |
|---|---|---|---|---|---|---|---|
| | 3 month average | Dec | Jan | Feb | Mar | Apr | May |
| | Larger | 23 | 19 | 38 | 18 | 20 | 31 |
| | Same | 49 | 39 | 37 | 62 | 50 | 46 |
| | Smaller | 28 | 42 | 25 | 20 | 30 | 23 |
| Index | | 47.5 | 38.5 | 56.5 | 49.0 | 45.0 | 54.0 |
| | Seasonally Adjusted | 48.9 | 41.9 | 54.5 | 48.8 | 43.2 | 52.6 |
| Continues near equilibrium | | | | | | | |



| Employment | | 2006 | 2007 | | | | |
|---|---|---|---|---|---|---|---|
| | 3 month average | Dec | Jan | Feb | Mar | Apr | May |
| | More | 15 | 7 | 16 | 17 | 24 | 33 |
| | Same | 60 | 67 | 73 | 62 | 54 | 57 |
| | Fewer | 25 | 26 | 11 | 21 | 22 | 10 |
| Index | | 45.0 | 40.5 | 52.5 | 48.0 | 51.0 | 61.5 |
| | Seasonally Adjusted | 48.2 | 42.8 | 56.0 | 50.6 | 45.0 | 57.3 |
| Highest since April 2005 | | | | | | | |



| Supplier Deliveries | | 2006 | 2007 | | | | |
|---|---|---|---|---|---|---|---|
| | 3 month average | Dec | Jan | Feb | Mar | Apr | May |
| | Faster | 18 | 15 | 21 | 14 | 18 | 13 |
| | Same | 72 | 70 | 68 | 81 | 73 | 80 |
| | Slower | 10 | 15 | 11 | 5 | 9 | 7 |
| Index | | 46.0 | 50.0 | 45.0 | 45.5 | 45.5 | 47.0 |
| | Seasonally Adjusted | 45.7 | 52.2 | 46.5 | 45.8 | 43.4 | 45.3 |
| Rate of index decline slowed | | | | | | | |



| Prices Paid | | 2006 | 2007 | | | | |
|---|---|---|---|---|---|---|---|
| | 3 month average | Dec | Jan | Feb | Mar | Apr | May |
| | Higher | 34 | 28 | 36 | 31 | 40 | 43 |
| | Same | 53 | 51 | 51 | 62 | 57 | 57 |
| | Lower | 13 | 21 | 13 | 7 | 3 | 0 |
| Index | | 60.5 | 53.5 | 61.5 | 62.0 | 68.5 | 71.5 |
| | Seasonally Adjusted | 56.9 | 54.9 | 63.2 | 59.1 | 64.9 | 70.2 |
| Inflation became more pervasive | | | | | | | |



| Buying Policy: | | 2006 | 2007 | | | | |
|---|---|---|---|---|---|---|---|
| Production Materiels | | Dec | Jan | Feb | Mar | Apr | May |
| | less than 11 days | 37 | 38 | 40 | 46 | 36 | 33 |
| | 11-15 days | 17 | 15 | 12 | 15 | 12 | 24 |
| | 16-30 days | 8 | 17 | 12 | 15 | 6 | 20 |
| | 31-60 days | 30 | 19 | 26 | 17 | 22 | 10 |
| | more than 60 days | 8 | 11 | 10 | 7 | 24 | 13 |
| Average Days | | 30.3 | 28.0 | 26.0 | 20.9 | 46.8 | 28.5 |
| | Seasonally Adjusted | 30.2 | 27.6 | 25.3 | 24.0 | 42.0 | 26.6 |
| Fell to the range of the past year | | | | | | | |



| M.R.O. Supplies | | Dec | Jan | Feb | Mar | Apr | May |
|---|---|---|---|---|---|---|---|
| | 0-1 day | 16 | 19 | 17 | 10 | 15 | 14 |
| | 2-3 days | 21 | 27 | 12 | 22 | 26 | 17 |
| | 4-5 days | 19 | 19 | 29 | 32 | 12 | 28 |
| | 6-10 days | 16 | 11 | 17 | 15 | 14 | 17 |
| | more than 10 days | 28 | 24 | 25 | 21 | 33 | 24 |
| Average Days | | 10.5 | 9.2 | 9.5 | 14.8 | 14.3 | 8.6 |
| | Seasonally Adjusted | 10.0 | 9.5 | 9.7 | 13.8 | 14.4 | 10.1 |
| Returned toward norm from historical record | | | | | | | |



| Capital Equipment | | Dec | Jan | Feb | Mar | Apr | May |
|---|---|---|---|---|---|---|---|
| | 15 days | 5 | 10 | 4 | 8 | 12 | 10 |
| | 30 days | 12 | 6 | 5 | 8 | 12 | 7 |
| | 60 days | 9 | 18 | 15 | 17 | 6 | 21 |
| | 90 days | 35 | 30 | 32 | 27 | 26 | 14 |
| | 6mths-1year | 39 | 36 | 44 | 40 | 44 | 48 |
| Average Days | | 122.5 | 114.6 | 132.5 | 121.7 | 126.4 | 132.0 |
| | Seasonally Adjusted | 125.8 | 126.6 | 129.3 | 110.9 | 127.0 | 125.2 |
| Still at late 2006 / early 2007 reading | | | | | | | |



For more information, contact

phone: 847 831-4770

**KINGSBURY INTERNATIONAL, LTD.**

fax: 847 831-2846

e-mail: napmc@kingbiz.com

http://www.kingbiz.com

# FROM THE SOURCE

*an occasional feature*

### Selected Comments from Members of the Survey Panel

Each month, the survey panelists have the opportunity to add comment (s) to further clarify the activity of their business.  As appropriate, the report includes comments selected for their insight.  No attempt is made to ensure that the nature of the comments represent the survey panel as a whole.

1. "Our competitive landscape is becoming severe. Pressure to reduce expenses continues unabated."
2. "About the same.... "
3. "In place of a "peace dividend," Iraq is a moral and financial drag on our business."
4. "From a retail viewpoint sales are down. Customer count is off. High gasoline pricing? Anyone's guess."
5. "Most of inventory increase has been to buying SS [Stainless Steel] to offset the continued monthly increases due to surcharges."
6. "Seems manufacturers are using any excuse they can to increase prices."
7. "Seems to be moving along well with orders. Prices are not coming down however, fuel surcharges are staying the same not lowering. "



Contact: Jack L Bishop Jr PhD
KINGSBURY INTERNATIONAL, LTD.
245 Ridge Road
Highland Park, IL  60035
Phone 847 831-4770
Fax 847 831-2846
email:  napmc@kingbiz.com
http://www.kingbiz.com

# Press Release

***Embargoed until
31 May 2007 8:45amCT***

## Chicago Business Barometer™ Leaps Again

**Summary:**

The strong surge in the May CHICAGO Report confirms evidence, first seen in March, of a strengthening economy over the next year.  The Chicago Business Barometer,™ produced by the National Association of Purchasing Management—Chicago, supports the idea that the US economy is getting it's second wind, setting the stage for resumed economic growth through the rest of the year and into 2008.  While the current lack-luster real GDP growth tells a story of an economy faltering in late 2006 and early 2007, the Chicago Business Barometer provides more than just hope for increased employment and economic activity into 2008.

**The Chicago Report.**

The Chicago Business Barometer gained almost 9 points to match the March level and repeat the highest level since March 2005.  The May report confirmed the strength of the March report, surprising many skeptics.  While not only a strong report on its own, the confirmation provided additional evidence that the decline in the Business Barometer that began in early 2005 may be at its end.  That downturn in the Barometer foretold, by the rule-of-thumb year and a half, the slowdown in the US economy.

The components of the May report line up to form the strength for the Chicago Business Barometer.  The increased Production index means that more organizations have higher levels of opera-

tions in May than in April. The rising New Order and Order Backlog indexes provide evidence of increased participation in economic growth. An Inventory index that is rising, but slower than Production and New Orders, doesn't hint of problems with either too much or too little balance in inventory levels. Employment index that rises, but not as fast as Production and New Orders also is consistent with balanced economic growth. The Supplier Delivery index, below 50 since January, meaning faster deliveries and weakening operations, is a cloud in the economic sky. The Prices Paid index is a good news / bad news story. To the extent that the strong price behavior is evidence of strong demand, the May report is a good sign for the future. However, to the extent that the increase represents passing through of food and fuel cost increases, expected increases in interest rates would add to more clouds in the future. While value of the Prices Paid index is the end of a series of irregular increases since the first of the year, the May result remains below the recent peak of 88 in June last year providing some degree of hope for the future.

The fundamental strength (and weakness) of the Chicago Report may come from its very sensitive measure of economic activity. While often called a "manufacturing" report, the Chicago Purchasing Manager Survey covers the full range of economic activity, including the growing service sector. In addition, the survey involves business activity of the panel of firms, regardless of the location of that activity. Thus the activities of the organizations surveyed for the CHICAGO Report have at least some activity in Chicago. Chicago may be the whole immediate world of the operation, from Chicago suppliers through Chicago employees to Chicago customers. However most, if not all, organizations are driving, and being driven by, a global economy. Accordingly, the Chicago Business Barometer was designed to reflect future national economic activity... and the May economic verdict is clear skies and soft breezes as we head into summer.

Jack L Bishop Jr, PhD   KINGSBURY INTERNATIONAL LTD.

# A STATISTICAL SUMMARY

## 1970 — 2006

|  | Minimum | Mean | Median | Maximum |
|---|---|---|---|---|
| **Chicago Business Barometer** | **37.2** | **54.7** | **55.6** | **79.4** |
| Production | 37.8 | 58.1 | 59.4 | 82.1 |
| New Orders | 36.5 | 56.7 | 58.1 | 82.0 |
| Order Backlogs | 30.2 | 49.5 | 49.8 | 79.7 |
| Inventories | 33.3 | 50.0 | 50.3 | 73.6 |
| Employment | 23.6 | 49.3 | 50.4 | 67.5 |
| Supplier Deliveries | 38.2 | 53.2 | 51.5 | 97.3 |
| Prices Paid | 34.8 | 68.1 | 67.2 | 100.0 |

| **Buying Policy** (days): | Minimum | Mean | Median | Maximum |
|---|---|---|---|---|
| Production Materiels | 15.8 | 34.7 | 32.1 | 112.0 |
| MRO Supplies | 1.8 | 10.5 | 9.7 | 42.2 |
| Capital Equipment | 76.0 | 149.3 | 150.9 | 229.0 |

## 2000 — 2006

|  | Minimum | Mean | Median | Maximum |
|---|---|---|---|---|
| **Chicago Business Barometer** | **37.2** | **54.4** | **54.9** | **67.2** |
| Production | 37.8 | 58.2 | 59.5 | 74.9 |
| New Orders | 36.5 | 57.2 | 59.1 | 74.9 |
| Order Backlogs | 30.2 | 47.6 | 48.3 | 60.6 |
| Inventories | 33.3 | 47.7 | 46.7 | 66.7 |
| Employment | 23.6 | 47.0 | 48.2 | 63.1 |
| Supplier Deliveries | 41.0 | 53.1 | 52.1 | 67.6 |
| Prices Paid | 40.5 | 64.6 | 63.7 | 87.8 |

| **Buying Policy** (days):* | Minimum | Mean | Median | Maximum |
|---|---|---|---|---|
| Production Materiels | 19.2 | 25.9 | 25.4 | 37.2 |
| MRO Supplies | 6.4 | 9.3 | 9.1 | 14.3 |
| Capital Equipment | 75.9 | 105.0 | 103.1 | 139.3 |

* Note: Enhanced sensitivity of series, not strictly comparable with earlier results

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KINGSBURY INTERNATIONAL, LTD. and
NATIONAL ASSOCIATION OF
PURCHASING MANAGEMENT CHICAGO,
INC.,

                    Plaintiffs,

v.

TRADE THE NEWS, INC.,

                    Defendant.

Civil Action No. 08 CV 03110 (GWL)

Judge George W. Lindberg

**DECLARATION OF JOSEPH PERRONE, JR. IN SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

I, JOSEPH PERRONE, JR., hereby declare as follows:

1.      I am the President of Trade The News, Inc., Defendant in this action ("TTN" or "Defendant").  I have personal knowledge of the facts set forth herein.  I submit this Declaration in Support of Defendant's Motion to Dismiss the Complaint, and for such other and further relief as the court may deem proper.

2.      TTN is a media and news organization in the business of providing real-time interactive financial market-based news and information to paying subscribers, who are generally Wall Street-style traders, investors and hedge-fund types who desire immediate access to breaking news.

3.      The Complaint states that "within seconds after the private subscription release of the copyrighted work at 8:42 a.m. Central Time on May 31, 2007, and before the 8:45 a.m. Central Time public release, defendant TTN publicly distributed parts of the plaintiffs'

copyrighted work to TTN's subscribers throughout the world, without the plaintiffs' permission."

4.    The allegations of the Complaint do not specify what "parts" of Plaintiffs' copyrighted work TTN allegedly copied. Because I am unable to find through my own research which "parts" were copied, I am unable to properly assess the scope of Plaintiffs' claims or TTN's defenses, frame a thoughtful or substantive response to the Complaint, or meaningfully defend TTN against the allegations.

5.    Moreover, after reviewing the Complaint and searching TTN's records, I cannot find a single instance where TTN publicly distributed any of Plaintiffs' alleged copyrighted material before the 8:45 a.m. Central Time public release of such material.

**WHEREFORE,** your deponent respectfully requests that this Court issue an order granting Defendant's motion to dismiss the Complaint in its entirety, and granting such other and further relief as this court deems proper.

I declare under penalties of perjury that the foregoing is true and correct.

Executed this _26_ day of August, 2008 in New York, New York.

JOSEPH PERRONE, JR.