IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KINGSBURY INTERNATIONAL, LTD., et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 08 C 3110 |
| v. | ) | |
| | ) | Senior U.S. District Judge |
| TRADE THE NEWS, INC. | ) | George W. Lindberg |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiffs Kingsbury International, Ltd. and National Association of Purchasing Management Chicago, Inc. have brought a copyright infringement action against defendant, Trade The News, Inc. Defendant has moved to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), or, in the alternative, for a more definite statement, Fed. R. Civ. P. 12(e). For the reasons stated below, defendant's motion is denied in its entirety.

Plaintiffs allege in the complaint that they are in the business of creating a "monthly business index known as the Chicago Business Barometer, which is published . . . in The Chicago Report." The complaint further alleges, in pertinent part:

> 11. Each subscription conference call broadcast of The Chicago Report includes a notice that the release is copyrighted, and that any rebroadcast, reproduction or publication of the broadcast or its contents prior to public release of the report at 8:45 a.m. Central Time is strictly forbidden and will be treated as an intentional copyright infringement.

> 12. At approximately 8:42 a.m. Central Time on May 31, 2007, Kingsbury released the May 31, 2007 issue of the copyrighted work to its private subscribers.

>13. At 8:45 a.m. Central Time on May 31, 2007, Kingsbury released the May 31, 2007 issue to the public.
>
>. . . .
>
>16. Infringement. Within seconds after the private subscription release of the copyrighted work at 8:42 a.m. Central Time on May 31, 2007, and before the 8:45 a.m. Central Time public release, defendant TTN publicly distributed parts of the plaintiffs' copyrighted work to TTN's subscribers throughout the world, without the plaintiffs' permission.

In considering this Rule 12(b)(6) motion, this Court has excluded all matters outside the pleadings. *See* Fed. R. Civ. P. 12(d), *Int'l Union of Operating Engineers, Local 150, AFL-CIO v. Team 150 Party, Inc.*, 2008 WL 4211561, 3 (N.D. Ill.).

A plaintiff is only required to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Such a statement serves the purpose of "giv[ing] the defendant fair notice of what the claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). To survive a Rule 12(b)(6) motion, a plaintiff must provide the grounds on which the plaintiff claims to be entitled to relief. This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). "A complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face,' and how many facts are enough will depend on the type of case." *Limestone Dev. Corp v. Vill. of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp*, 127 S. Ct. at 1974) (internal citation omitted). When ruling on a defendant's motion to dismiss, this Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in plaintiffs' favor. *See Bell Atlantic*, 127 S. Ct. at 1975, *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). Plaintiffs are not required to plead a copyright action with the

08 C 3110

particularity required under Federal Rule of Civil Procedure 9(b). *Mid America Title Co. v. Kirk*, 991 F.2d 417, 421 (7th Cir. 1993). Other details of the claim may be obtained by discovery. *Sweet v. City of Chicago*, 953 F. Supp. 225, 227 (N.D. Ill. 1996).

Taking all allegations as true, and reading them in plaintiffs' favor, the complaint sufficiently states a claim. The complaint gives defendant fair notice of the claim. In its motion, defendant pins its entire argument for dismissal under Rule 12(b)(6) on plaintiffs' use of the word "parts." However, plaintiffs do not merely claim that "parts were copied." Nor do plaintiffs merely list labels and conclusions, nor solely state the elements of copyright infringement. Instead, plaintiffs allege that: their work was copyrighted; they owned the copyright; defendant copied a specific work, on a specific date, within a three-minute time frame; and defendant distributed the copied parts to defendant's own subscribers throughout the world without plaintiffs' permission. The complaint thus sufficiently states a claim. That defendant would like more information about exactly which parts were copied does not affect this complaint's sufficiency under Rule 12(b)(6).

Defendant argues that if it copied anything, it only copied "unprotectable facts and figures." This cannot be determined on a Rule12(b)(6) motion to dismiss, and so is not a basis for dismissal of the complaint. *See Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) ("Complaints need not contain any information about defenses and may not be dismissed for that omission."). Defendant's motion to dismiss the complaint for failure to state a claim on which relief can be granted is denied.

3

Defendant moves in the alternative for a more definite statement. Fed. R. Civ. P. 12(e). "[W]hen a defendant is unclear about the meaning of a particular allegation in the complaint, the proper course is not to move to dismiss but to move for a more definite statement." *American Nurses' Ass'n v. State of Ill.*, 783 F.2d 716, 725 (7th Cir. 1986). However, Rule 12(e) allows for a more definite statement only where the pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). "[M]otions for a more definite statement should not be used to gain additional information, but, particularly in light of our liberal notice pleading requirement, should be granted 'only when the pleading is so unintelligible that the movant cannot draft a responsive pleading.'" *Dick Corp. v. SNC-Lavalin Constructors, Inc.*, 2004 WL 2967556, 12 (N.D. Ill.) (quoting *United States for Use of Argyle Cut Stone Co. v. Paschen Contractors, Inc.,* 664 F.Supp. 298, 303 (N.D .Ill.1987)). *See also Guess? Inc. v. Chang*, 912 F.Supp. 372, 381 (N.D. Ill. 1995) (characterizing 12(e) motions as disfavored). Plaintiffs' complaint is not so vague or ambiguous that defendant cannot frame a responsive pleading. Defendant will have ample opportunity to gain more detailed information about plaintiffs' claims during discovery. Defendant's motion for a more definite statement is denied.

08 C 3110

**ORDERED:** Defendant Trade The News, Inc.'s motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for a more definite statement under Federal Rule of Civil Procedure 12(e) [12], is denied in its entirety.

**ENTER:**

_____
GEORGE W. LINDBERG
Senior U.S. District Judge

**DATED:** October 28, 2008

5